# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:04CV50-MU

| | |
|---|---|
| GRACE R. WALDON and ENVIRONMENTAL WATER SOLUTIONS, INC., a North Carolina Corporation, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )      ORDER |
| v. | )<br>) |
| DYNPAR, LLC, WATER RESOURCES CORP., and DANNY BURRIS | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER** is before the Court on Defendant's Renewed Motion for Judgment as a Matter of Law, or alternatively, Motion for New Trial, filed October 29, 2008 [Document # 192]. Plaintiffs filed their Memorandum in Opposition on November 10, 2008 [Document # 193], and Defendant filed its Reply Memorandum on November 24, 2008 [Document # 194]. This Motion is now ripe for disposition by the Court.

The Court, having carefully considered the arguments, the record, and the applicable authority, will *deny* Defendant's motions.

## I. PROCEDURAL AND FACTUAL HISTORY

This case arises from a North Carolina state court action. In the state court action, Grace Waldon and Environmental Water Solutions, Inc. ("Ms. Waldon") brought suit against Danny Burris ("Mr. Burris") as an officer of Environmental Water Solutions Inc.-North Carolina ("EWSI-NC"). The case centered on a subcontract between DynPar, LLC and EWSI-NC for the operation of the

industrial wastewater treatment plant ("IWTP") at Tinker Air Force Base in Oklahoma. Ms. Waldon claimed that Mr. Burris breached his fiduciary duties by secretly transferring EWSI-NC's subcontract to an Oklahoma corporation Mr. Burris created with the same name ("EWSI-OK"). On September 5, 2003, the jury in the Union County Superior Court found Mr. Burris guilty of, among other things, fraud and diverting the contract from EWSI-NC to EWSI-OK. The North Carolina judgment placed the Tinker contract profits under a constructive trust for EWSI-NC. (Document 84-33 at 3.)

Ms. Waldon filed the current claim in Union County Superior Court on January 8, 2004. The case was removed to this Court on February 6, 2004. In this action, Ms. Waldon claimed that DynPar conspired with Mr. Burris in diverting the contract from EWSI-NC to EWSI-OK. Further, Ms. Waldon brought new claims against DynPar and Mr. Burris for conspiring to avoid the North Carolina judgment by transferring the EWSI-OK to a new company, Water Resources Corp. ("WRC"). Ms. Waldon also brought claims for unfair and deceptive trade practices and fraudulent transfer.

At the close of Plaintiffs' case, the Court granted Rule 50 motions in DynPar's favor on the unfair and deceptive trade practice claim and on the fraudulent transfer claim. At the close of all the evidence, DynPar renewed its Rule 50 motions and the Court decided that the only issue for the jury was on the facilitating fraud claim. The single issue for the jury to decide was: "Did the Defendant DynPar, LLC conspire with the Defendant Dan Burris to facilitate a fraud being perpetrated on the Plaintiffs to avoid a judgment which had been entered in Union County, North Carolina against Dan Burris and EWSI-Oklahoma?" On October 15, 2008, the jury answered in the affirmative, finding that Defendant DynPar, LLC facilitated a fraud against Ms. Waldon and EWSI-NC in helping Dan Burris avoid the Union County judgement. By an Amended Order [Document # 189], the Court ordered that DynPar was jointly and severally liable with Defendant Dan Burris for the underlying

Union County judgment.

## II. DISCUSSION

### A. Standard of Review

A jury verdict will withstand a Rule 50(b) motion unless the nonmovant presented no substantial evidence to support the jury verdict or, under Rule 59, "the verdict is 'against the clear weight of the evidence, or is based upon evidence which is false, or will result in a miscarriage of justice.'" *Stamathis v. Flying J, Inc.*, 389 F.3d 429, 436 (4th Cir. 2004) (quoting *Mattison v. Dallas Carrier Corp.*, 947 F.2d 95, 100 (4th Cir. 1991). A Rule 50 motion for judgment as a matter of law has the same standard as a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Therefore, in considering Defendant's motion, the Court must view the evidence in the light most favorable to the nonmovant, and draw all reasonable inferences in her favor. *Dennis v. Columbia Collerton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002). The Court may not set aside the jury's verdict unless a reasonable jury could only rule in favor of DynPar, LLC. *Sales v. Grant*, 158 F.3d 768, 775 (4th Cir. 1998).

### B. Defendant's Motions

Defendant, DynPar, LLC, pursuant to Rule 50(b) of the Federal Rules of Civil Procedure, moves for judgment as a matter of law and, in the alternative, pursuant to Rules 50(b) and 59, moves for a new trial. The gravamen of Defendant's motions revolve around their argument that the Plaintiff failed to prove that DynPar, LLC committed actionable fraud against Plaintiff and that the Court erred in failing to give the jury an instruction on fraud (Request for Jury Charge No. 15).

**1. Plaintiffs' Facilitating Fraud Claim**

"While there is no recognized action for civil conspiracy in North Carolina, and this claim is couched in the language of conspiracy, our law nevertheless permits one defrauded to recover from anyone who facilitated the fraud by agreeing for it to be accomplished." *Nye v. Oates*, 38 S.E.2d 529, 531 (N.C. Ct. App. 1989)(citation omitted). To prove a case for facilitating fraud, the plaintiff must show: (1) that the defendant agreed with another person to defraud plaintiff; (2) that either defendant or the other person committed an overt tortuous act in furtherance of the agreement; and (3) that plaintiff suffered damages from that act. *Neugent v. Beroth Oil Co.*, 560 S.E.2d 829, 838-39 (N.C. Ct. App. 2002); *Nye*, 38 S.E.2d 529, 531-32.

Plaintiffs presented substantial evidence from which a reasonable jury could conclude that DynPar agreed with Dan Burris to defraud the Plaintiffs. Immediately after a jury in the Union County Superior Court found Dan Burris guilty in the underlying claim, Mr. Burris returned to Oklahoma for a meeting with DynPar employees. Mr. Burris handed James Kennedy, DynPar's President, David Baer, DynPar's Business Manager, and Billy Nichols, DynPar's Contract Administrator, the jury verdict from the Union County case. Less than a week later, on September 11, 2003, DynPar executives Billy Nichols and Cliff Wright met with Dan Burris and discussed possibilities to continue their working relationship despite the judgment. Plaintiffs presented Trial Exhibit # 56 which included the ideas of a name change, rewriting the contract, and cancelling the contract and writing a new one. The Plaintiffs argued and a reasonable jury could conclude that they were discussing how to avoid the application of the North Carolina judgment, thereby preventing the Plaintiffs from obtaining the benefits of the IWTP contract.

Plaintiffs presented substantial evidence from which a reasonable jury could conclude that there was an agreement to defraud Plaintiffs and that DynPar committed an overt tortuous act in

furtherance of the agreement. DynPar amended the existing contract with Dan Burris, allowing him to resign. Shortly thereafter, Dan Burris formed a new corporation in his wife's name, Water Resources Corporation (WRC) with virtually identical employees as EWSI-OK in order to continue work on the Tinker Air Force Base. A reasonable jury could conclude that DynPar, having full knowledge of the underlying judgment, committed an overt and tortuous act by amending the existing contract with Dan Burris and allowing him to continue to work for them under a new corporation. Furthermore, DynPar's conduct damaged Plaintiff by putting the IWTP contract outside the reach of Plaintiffs and the North Carolina Courts. This damaged Plaintiffs by allowing EWSI-OK to transfer their only real asset to another corporation in order to avoid the judgment.

Accordingly, as to Plaintiffs' claim for facilitating fraud, the Court finds that the jury's verdict is not against the clear weight of the evidence, nor based on false evidence. Further, the verdict does not result in a miscarriage of justice. Therefore, Defendant's motion for a judgment as a matter of law and for a new trial is *denied*.

**2. Defendant's Argument**

Defendant DynPar argues that a claim for facilitating fraud requires proof that DynPar participated in actionable fraud against the Plaintiffs. Under DynPar's basic posture, in order to recover for facilitating fraud, the defendant must have been a party to the original fraud. This court disagrees with the Defendant and interprets the case law to hold that a defendant may become liable for past acts of fraud by subsequently facilitating the fraud on Plaintiffs. The liability of the facilitators is joint and several even for previous frauds that a party subsequently facilitated. *Muse v. Morrison*, 243 N.C. 195, 198, 66 S.E.2d 783, 785 (1951). "Every one who does enter into a common purpose or design is equally deemed in law a party to every act which had before been done by any of the others in furtherance of such common design . . . ." *Id.* (citations omitted).

At the trial, Plaintiffs presented evidence to show that immediately after the September 5, 2003 trial, Dan Burris met with DynPar executives and handed them a copy of the North Carolina jury verdict. DynPar knew the extent of the fraud and the damages against Plaintiffs from the underlying state court action. Plaintiffs presented evidence and the jury found that DynPar joined the conspiracy and assisted Dan Burris in moving the IWTP contract to a new corporation set up in the name of Dan Burris' wife. The Plaintiffs presented sufficient evidence from which a reasonable jury could conclude that DynPar facilitated fraud. It was not necessary for Plaintiffs to prove that DynPar directly participated in the underlying actionable fraud against Plaintiffs. Accordingly, DynPar's motion for judgment as a matter of law and motion for a new trial are *denied.*

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion for Judgment as a Matter of Law is hereby **DENIED;**

**IT IS FURTHER ORDERED** that Defendant's Motion for a New Trial is hereby **DENIED.**

Signed: December 19, 2008

Graham C. Mullen
United States District Judge